IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 29, 2012 Session

## DENNIS R. MASSENGALE ET AL. v. CITY OF EAST RIDGE

**Appeal from the Chancery Court for Hamilton County**
**No. 11-0742      W. Frank Brown, III, Chancellor**

---

**No. E2012-00526-COA-R3-CV-FILED-OCTOBER 30, 2012**

---

The plaintiffs in this case allege that they are adversely affected by a statute that legalizes the sale of fireworks inside the city limits of East Ridge, despite a general ban on the sale of fireworks in any county with a population of greater than 200,000, *e.g.*, Hamilton County. They allege that the statute is unconstitutional.  There are two distinct groups of plaintiffs (both groups being collectively referred to as "the Plaintiffs").  One group alleges that they are residents of the city and own property or businesses in the city ("the Citizens" or "the Citizen Plaintiffs").  The Citizen Plaintiffs allege that the sale of fireworks will result in diminished property values and an increased risk of fire or explosion with attendant increases in fire insurance premiums. The second group alleges that they are either in the business of selling fireworks, or are members of a purported "association" of persons or entities in the business of selling fireworks ("the Sellers").  They allege that they have put forth much effort and expense to establish businesses outside East Ridge, where fireworks sales are legal, only to see their efforts thwarted by the enactment of an unconstitutional statute permitting illegal competition.  The Plaintiffs moved the trial court to enter judgment on the pleadings by decreeing the statute to be unconstitutional on its face.  Instead, the court dismissed the complaint for lack of standing, but did so without prejudice.  The Plaintiffs appeal.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Jeffrey P. Yarbro, Nashville, Tennessee, and Christopher Varner, Chattanooga, Tennessee, for the appellants, Dennis R. Massengale, Karen Massengale, Carnell Storie, Marion-Bradley Fireworks Retailers, and Wet Willy's Fireworks Supermarkets of Tennessee, Inc.

Ronald D. Wells, Keith H. Grant and John R. Anderson, Chattanooga, Tennessee, for the appellee, City of East Ridge.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and Steven A. Hart, Special Counsel, Office of the Attorney General, Nashville, Tennessee, for the appellee, Robert E. Cooper, Attorney General and Reporter.

**OPINION**

I.

In this case, the Plaintiffs challenge the constitutionality of Chapter 475 of the Public Acts of 2011, now codified at Tenn. Code Ann. § 68-104-112(c). Chapter 475 states, verbatim, as follows:

> AN ACT to authorize the sale at retail of D.O.T. Class C common fireworks in the city of East Ridge.
>
> BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF TENNESSEE:
>
> SECTION 1. Notwithstanding any other provision of law to the contrary, it shall be lawful for any individual, firm, partnership or corporation to sell at retail any D.O.T. Class C common fireworks, as defined in Tennessee Code Annotated, Section 68-104-101, within the city of East Ridge. The provisions of Tennessee Code Annotated Title 68, Chapter 104, Part 1, shall apply to the sale of fireworks in such city.
>
> SECTION 2. This act shall take effect July 1, 2012, the public welfare requiring it.

(Capitalization in original.) East Ridge is an incorporated city located wholly within Hamilton County. When Chapter 475 was enacted, it was illegal to sell fireworks in Hamilton County, or any county with a population in excess of 200,000[1]:

---

[1]The population number was changed to 335,000 by Ch. 664 of the Pub. Acts of 2012. Apparently, the purpose of the amendment was to keep Rutherford County, the population of which had grown to over 200,000 by the latest census, from coming within the ambit of the statutory ban. That change is not material to our analysis because the general ban remains applicable to Hamilton County.

It is unlawful for any individual, firm, partnership or corporation to sell at retail any Class C common fireworks within any county of this state having a population greater than two hundred thousand (200,000), according to the 1980 federal census or any subsequent federal census . . . .

Tenn. Code Ann. § 68-104-112(a)(4)(A)(2011).

The Plaintiffs contend that Chapter 475 violates the equal protection provisions found in the state constitution at Article XI § 8[2] as well as the fourteenth amendment to the federal constitution[3]. The plaintiffs also assert that Chapter 475 violates the "caption clause" of the Tennessee Constitution, Article II § 17[4]. As to the caption clause, they say that Chapter 475 works a repeal or amendment to the remainder of Tenn. Code Ann. § 68-104-112, therefore, the caption of the Chapter must state that it is repealing the general law.[5] The thrust of the equal protection argument is that the city of East Ridge is singled out for special treatment under Chapter 475, and that the protection of the general law accorded the residents of East Ridge from the sale of fireworks in populous areas is abrogated by Chapter 475.

---

[2]Tenn. Const. Art. XI § 8 states, in pertinent part:

The Legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunitie, [immunities] or exemptions other than such as may be, by the same law extended to any member of the community, who may be able to bring himself within the provisions of such law.

[3] The fourteenth amendment states, in pertinent part: ". . . No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV § 1.

[4]The caption clause provides:

. . . . No bill shall become a law which embraces more than one subject, that subject to be expressed in the title. All acts which repeal, revive or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived or amended.

Tenn. Const. Art. II § 17.

[5]The Plaintiffs assert in their brief that "[t]he statute has literally *no effect* other than undoing those provisions in the general law [against fireworks sales in populous counties] that prohibit fireworks sales in East Ridge." (Emphasis in original.)

Given that the trial court dismissed the case for lack of standing, it is appropriate to examine the allegations of harm with respect to each group of plaintiffs, beginning with the Citizen Plaintiffs:

Plaintiffs Dennis and Karen Massengale are citizens , taxpayers, residents, and homeowners in East Ridge and Hamilton County, Tennessee. The Massengales own and operate ChattaMusic, which is located on Ringgold Road in East Ridge, Tennessee. Upon information and belief, the Massengales' business is situated within the Ringgold Road corridor where the City of East Ridge seeks to authorize the retail sale of fireworks. In owning and operating [t]his business, the Massengales have been able to rely upon Tennessee's statutory prohibitions on fireworks to ensure the peace and safety of [t]his business and community. [Chapter 475], which would authorize the City of East Ridge to permit adjoining and adjacent landowners to sell fireworks at retail, will operate to harm their business. *The storage and sale of fireworks in mass quantities in adjoining and adjacent lots or in nearby areas will lead to diminished property value, diminished access to their business, enhanced risks of damage from fire or explosion, and increased costs related to insuring their property and business.* Upon information and belief, the Massengales' residence is also situated *near the proposed zone where East Ridge seeks to authorize the sale of fireworks. The nearby storage and sale of fireworks in mass quantities will result in diminished property value and enhanced risks for their property and safety.*

Plaintiff Carnell Storie is a resident of the city of East Ridge in Hamilton County, Tennessee. Plaintiff Storie has lived in East Ridge for over ten years, owns real property within the city limits. Plaintiff Storie has been able to rely upon Tennessee's statutory prohibitions on fireworks to ensure the peace and safety of his family and community. [Chapter 475] purports to authorize the mass sale of fireworks in East Ridge and *undermines protections from the use and misuse of fireworks.* [Chapter 475] *will also diminish the value of his property within the city.*

\*   \*   \*

-4-

[The Citizen Plaintiffs] are all residents, citizens, and taxpayers of East Ridge, Tennessee. As individuals within East Ridge, [Chapter 475] *purports to affect their rights and legal relations.* [Chapter 475] grants them new rights pertaining to the purchase and sale of fireworks. [Chapter 475] deprives them of the right to seek and secure protection from the sale, possession, storage, and use of fireworks in their community.

Plaintiff Marion-Bradley Fireworks Retailers is an association of Tennessee residents who are engaged in the storage and sale of fireworks. The business owners in this association have long adhered to the statutory prohibition against fireworks storage and sales in urban counties. Accordingly, *they have structured their business around the confinement of fireworks sales to non-urban counties, which by definition have smaller local consumer populations.* For instance, Marion County has a population density of approximately 56 people per square mile, compared to approximately 2,528 people per square mile in East Ridge. Plaintiff association members have sold fireworks to citizens of nearby urban areas including Hamilton County and East Ridge. [Chapter 475], which authorizes sales in urban areas, undermines the business model of these existing fireworks sellers and would result in economic harm. *These sellers would be forced to face diminished sales or to expand their business operations into urban communities in order to be able to effectively compete.*

Plaintiff Wet Willy's Fireworks Supermarket of Tennessee, Inc. ("Fireworks Supermarket") is a "distributor" of "D.O.T. Class C common fireworks" as defined by Tennessee Code Annotated § 68-104-101 *et seq.* Fireworks Supermarket maintains a number of retail stores selling fireworks in East Tennessee, including Jasper, McDonald, Blountville, and Kodak. Each of these retail locations adheres to the long-standing prohibition against selling fireworks in counties with populations larger than 200,000. Fireworks Supermarket has sold fireworks to citizens of Hamilton County and East Ridge. [Chapter 475] damages the business of Fireworks Supermarket, which has expended significant capital to locate its stores in areas authorized by Tennessee law. *Fireworks Supermarket will be forced to face*

*diminished sales or to expand their business operations into Hamilton County in order to effectively compete.*

Plaintiff Fireworks Supermarket maintains all requisite licenses and permits to sell fireworks in Tennessee. As a distributor of fireworks, Fireworks Supermarkets did not previously have the right to sell fireworks in East Ridge or in other counties with populations greater than 200,000. . . . *Fireworks Supermarkets seeks a declaration as to whether it must continue to confine its sales to non-urban counties or could engage in fireworks sales in East Ridge and in urban counties more generally as a result of [Chapter 475].*

(Emphasis added; paragraph numbering in original omitted.)

The trial court provided a concise statement of the history of fireworks legislation in Tennessee that will help to put the above allegations in perspective:

Originally, it appears the generally applicable law in Tennessee was to allow for commercial fireworks sales statewide. Then, in the 1940's and 1950's, Tennessee began prohibiting fireworks sales in large urban counties through a series of private acts. In 1955, the Hamilton County Private Act made it unlawful for any person or business in Hamilton County "to possess, store, use, manufacture or sell pyrotechnics." Therefore, beyond an exception for authorized public displays, the Hamilton County Private Act made fireworks illegal in all of Hamilton County, including within the city of East Ridge, which is wholly located within Hamilton County, Tennessee. Later, the General Assembly passed a statewide statutory prohibition against the sale of fireworks in . . . "any county having a population greater than two hundred thousand (200,000) . . ." subject to certain statutory exceptions. All parties agree that Hamilton County has a population above 200,000 and fell within this statutory provision. Therefore prior to [Chapter 475], it was illegal for individuals or businesses in East Ridge to sell fireworks. Then, legislation regarding allowing the sale of fireworks in East Ridge was proposed in the General Assembly as early as 2009, and ultimately [Chapter 475] . . . was passed . . . in the 2011 session. It appears then that, in or around

September /October of 2011, the East Ridge City Council passed the proposed fireworks ordinance. Plaintiffs' Complaint for Declaratory and Injunctive Relief challenging the constitutionality of [Chapter 475] was filed on September 28, 2011.

(Footnotes omitted.)

The trial court found it appropriate to determine whether the Plaintiffs have standing before reaching the merits of whether Chapter 475 is unconstitutional. As to the Citizen Plaintiffs, the court found the allegations in the complaint to be "conclusory and unsupported statements about a potential harm that *might* happen in the future." (Emphasis in original.) It also characterized the allegations as "speculative and conjectural at this time." It stated: "Specifically, the [Citizen] Plaintiffs have not shown injury in fact nor a causal connection regarding how fireworks sales might impinge on [the Citizen] Plaintiffs' safety rights (or property rights)." Regarding the Sellers, the court likewise found the allegations to be speculative, conjectural, and conclusory. Additionally, the court found that the association failed to establish standing because it "has not clearly identified the organization's purpose nor alleged the interests the association seeks to protect . . . that are germane to that unknown organizational purpose. Furthermore, the association has failed to even allege the third prong, that the claim asserted does not require the participation of its individual members." As regards both of the Sellers, the court stated: "Plaintiffs must come forward with more factual development of their particularized harm and causal connection to show standing." The court stated that it was dismissing the case without prejudice "because Plaintiffs have not shown standing and may not be able to show standing until the legislation has been in effect for some time and the effects of the . . . legislation become known."

II.

The Plaintiffs raise the following issues with regard to standing:

Whether residents of East Ridge have standing to challenge the constitutionality of a statute that facially deprives them of legal rights and protections afforded to others similarly situated.

Whether fireworks retailers and East Ridge residents have standing to seek a declaratory judgment related to the validity and construction of a statute that directly alters their rights and legal relations.

III.

The issue of whether a party has standing is a question of law. ***Cox v. Shell Oil Co.***, 196 S.W.3d 747, 758 (Tenn. Ct. App. 2005). Therefore, "our review is *de novo* upon the record with no presumption of correctness accompanying the trial court's conclusions of law." ***Id***. In making that determination based solely on the pleadings, we must accept "the allegations of fact as true[, h]owever, inferences to be drawn from the facts or legal conclusions set forth in the complaint are not required to be taken as true." ***Natural Gas Dist. v. Sevier County Utility Dist.***, 7 S.W.3d 41, 43 (Tenn. Ct. App. 1999).

IV.

We need not parse the language of a multitude of state and federal cases for the parameters of the requirement of standing; the Tennessee Supreme Court has already done that for us in its opinion in ***American Civil Liberties Union of Tennessee v. Darnell***, 195 S.W.3d 612, 619-21 (2006):

> Courts employ the doctrine of standing to determine whether a particular litigant is entitled to have a court decide the merits of a dispute or of particular issues. ***Warth v. Seldin***, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); ***Knierim v. Leatherwood***, 542 S.W.2d 806, 808 (Tenn. 1976) (holding that courts use the standing doctrine to decide whether a particular plaintiff is "properly situated to prosecute the action."); ***City of Brentwood v. Metropolitan Bd. of Zoning Appeals, et al.***, 149 S.W.3d 49, 55 (Tenn. Ct. App. 2004), *perm. app. denied* (Tenn. Sept. 13, 2004). Grounded upon "concern about the proper – and properly limited – role of the courts in a democratic society," ***Warth***, 422 U.S. at 498, the doctrine of standing precludes courts from adjudicating "an action at the instance of one whose rights have not been invaded or infringed." ***Mayhew v. Wilder***, 46 S.W.3d 760, 767 (Tenn. Ct. App. 2001), *perm. app. denied* (Tenn. April 30, 2001). The doctrine of standing restricts "[t]he exercise of judicial power, which can so profoundly affect the lives, liberty, and property of those to whom it extends, . . . to litigants who can show 'injury in fact' resulting from the action which they seek to have the court adjudicate." ***Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.***, 454 U.S. 464, 473, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). Without limitations

such as standing and other closely related doctrines "the courts would be called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions and even though judicial intervention may be unnecessary to protect individual rights." *Warth*, 422 U.S. at 500; *see also DaimlerChrysler Corp. v. Cuno*, . . ., 126 S.Ct. 1854, 1856, 164 L.Ed.2d 589 (2006) (explaining that standing enforces the constitutional case-or-controversy requirement that is "crucial in maintaining the 'tripartite allocation of power' set forth in the Constitution").

To establish standing, a plaintiff must show three "indispensable" elements "by the same degree of evidence" as other matters on which the plaintiff bears the burden of proof. *Petty v. Daimler/Chrysler Corp.*, 91 S.W.3d 765, 767 (Tenn. Ct. App. 2002), *perm. app. denied* (Tenn. Sept. 9, 2002). First, a plaintiff must show a distinct and palpable injury: conjectural or hypothetical injuries are not sufficient. *City of Brentwood*, 149 S.W.3d at 55-56; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Standing also may not be predicated upon an injury to an interest that the plaintiff shares in common with all other citizens. *Mayhew*, 46 S.W.3d at 767. Were such injuries sufficient to confer standing, the State would be required to defend against "a profusion of lawsuits" from taxpayers, and a purpose of the standing doctrine would be frustrated. *See Parks v. Alexander*, 608 S.W.2d 881, 885 (Tenn. Ct. App. 1980) (stating that one purpose of standing is to protect the State from a "profusion of lawsuits").

The second essential element of standing is a causal connection between the claimed injury and the challenged conduct. *Mayhew*, 46 S.W.3d at 767. A plaintiff may satisfy this element by establishing the existence of a "fairly traceable" connection between the alleged injury in fact and the defendant's challenged conduct. *DaimlerChrysler Corp.*, . . ., 126 S.Ct. at 1861. The third and final element necessary to establish standing is a showing that the alleged injury is capable of being redressed by a favorable decision of the court. *Petty*, 91 S.W.3d

at 767; ***DaimlerChrysler Corp.***, . . ., 126 S.Ct. at 1861.

It is important to note that standing does not depend upon a plaintiff's likelihood of success on the merits; however, the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted. ***City of Brentwood***, 149 S.W.3d at 56. Specifically, courts should inquire:

> Is the injury too abstract, or otherwise not appropriate, to be considered judicially cognizable? Is the line of causation between the illegal conduct and injury too attenuated? Is the prospect of obtaining relief from the injury as a result of a favorable ruling too speculative?

> ***Allen v. Wright***, 468 U.S. 737, 752, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984).

(Footnote in original omitted.)

We agree with the trial court that the injuries alleged by the Plaintiffs are too speculative and conjectural to establish standing. The only allegations of fact, as opposed to conclusions, with regard to the Citizen Plaintiffs are that they own land and a business in the city limits and that, prior to Chapter 475, fireworks could not be sold legally anywhere inside the city limits but now they can. They allege that the city can now "permit adjoining and adjacent landowners to sell fireworks at retail," but they do not allege that it has happened. There is mention in the complaint of some city ordinance authorizing firework sales along the "Ringgold Road corridor" but that ordinance is not in the record and there is nothing to show how big or how small the fireworks "corridor" may be. The most the Citizens could allege was that sellers of fireworks might be "in adjoining or adjacent lots or in nearby areas." As best we can tell, at this point in time, we have no idea, and neither do the Citizen Plaintiffs, exactly where a retail fireworks store will be located if in fact one is located in the city. Under these circumstances, we are acting on hypothetical and conjectural facts. It is sheer speculation to say that some hypothetical fireworks store will impact the Citizen Plaintiffs' business, or lower their property values, or raise their insurance rates. Rather than continuing to speak in negative terms of what is not known, we can illustrate the point by saying that once an exact location for a fireworks store is known, it will probably be possible to prove or disprove the impact, if any, on the Citizen Plaintiffs. There will then

be facts instead of suppositions and conjecture. Until then, to recognize standing in the Citizen Plaintiffs would be the equivalent of recognizing that any resident of East Ridge has standing to challenge Chapter 475.

Arguably, the exact location of the "stores to be" inside the city is not as crucial to the Sellers' standing. We will focus on the allegations of Fireworks Supermarket because the standing of the alleged association of fireworks retailers can be no stronger than the standing of Fireworks Supermarket. *ACLU v. Darnell*, 195 S.W.3d at 626. The Sellers seek to establish standing through the allegation that potential new stores in a territory where stores have not been allowed will force the Sellers "to face diminished sales or to expand their business operations." We believe, as did the trial court, that the ability of such allegations to establish standing is defeated by our opinion in *National Gas Dist*. The mere fact that a statute authorizes competition does not create an injury in fact that gives rise to standing. *Id*. at 44. A statute that somehow gives a competitor an unfair advantage may, in some specific situations, give rise to an injury that bestows standing. *Id*. In the present case, there is nothing to suggest that competitors of Fireworks Supermarkets gain an unfair advantage over them by and through Chapter 475. The East Ridge market is open to Fireworks Supermarket just as it is to potential competitors. To have standing, Fireworks Supermarket "must have an interest harmed by the classification of the statute." *Id*. at 44-45. It is clear to us that it is not harm from a classification within the statute that Fireworks Supermarkets alleges; rather, it is the speculative prediction that, hypothetically, stores to be situated inside the city limits will take sales away from stores outside East Ridge. One reason the harm is not allegedly related to an unfair statutory classification is that Fireworks Supermarkets is free to open a store inside the city limits if it so chooses. Accordingly, we hold that Fireworks Supermarkets does not have standing. It follows that the association does not have standing. *ACLU v. Darnell*, 195 S.W.3d at 626.

Before leaving this point, we think it appropriate to say what this case is *not* about. Despite assertions by the Plaintiffs that they should not be forced to start building or stocking a store inside the city limits before obtaining a declaration as to the constitutionality of Chapter 475, this is not a complaint for a declaration that the statute is constitutional. Rather, it is a case seeking a declaration that Chapter 475 is unconstitutional. Further, we do not believe this complaint can be construed *both* as seeking a declaration that the statute is unconstitutional or, alternatively, a declaration that it is constitutional. To do that we would be required to create claims where none exist, and to place counsel in the precarious position of advancing a claim for the benefit of the Sellers that would likely be contrary to the Citizens' interests. We will not entertain any suggestion that is what they intended in their complaint or their brief.

-11-

We will briefly discuss some of the Plaintiffs' arguments and why we have not found them dispositive. The Plaintiffs argue that, even if there is no economic or other injury in fact, they have standing based on their allegation of denial of equal protection because the denial of equal protection under the law is enough injury in and of itself to bestow standing. They assert that "[t]angible harm is irrelevant." They cite numerous cases for this "denial of equal protection" proposition of harm, including *Allen v. Wright*, 468 U.S. 737, 755 (1984) and *Baker v. Carr*, 369 U.S. 186, 207-08 (1962). The defendants point out that *Allen* involved alleged discrimination against a suspect class and that *Baker* involved the fundamental right of voting. The Plaintiffs concede that the present case does not involve a suspect class or a fundamental right but argue that the principle is not limited to suspect classes and fundamental rights. We do not doubt that discriminatory treatment unrelated to suspect classes or fundamental rights can, in some cases, give rise to standing; but we do not believe it follows that every alleged unequal treatment gives rise to standing. *Allen* clearly recognized that not every party has standing to force the government to "act in accordance with the law." 468 U.S. at 754. We believe that *ACLU v. Darnell* incorporates, and is in accord with, the principles articulated in *Baker* and *Allen*.

The Plaintiffs argue that they have standing because their claim "falls within the zone of interests protected or regulated by the statute in question." (*Quoting City of Brentwood v. Metro Bd. of Zoning Appeals*, 149 S.W.3d 49, 56 (Tenn. Ct. App. 2004)). *Brentwood* involves the question of standing to seek judicial review of the decision of an administrative board. *Id*. at 56. Standing, in that context, is extended by statute to "all persons who are 'aggrieved' . . . to ease the strict application of the customary standing principles." *Id*. at 57. We adhere to our opinion that there is more to the test for standing to challenge the constitutionality of a statute, as articulated in *ACLU v. Darnell*, than whether a statute may have some impact on or application to a person or entity.

The Sellers argue that they are "expressly regulated" by Chapter 475 and thus have standing to seek a declaratory judgment that the statute is unconstitutional. A declaratory judgment is not a ticket to bypass standing. Standing must still be established in a declaratory judgment action. *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 837-38 (Tenn. 2008).

To the extent the Plaintiffs have made arguments that we have not discussed directly, we have found them to be without merit or subsumed in our discussion of why this case does not meet the test for standing set forth in *ACLU v. Darnell*. Since we have held that the Plaintiffs do not have standing to assert their claim that Chapter 475 is unconstitutional, we do not find it appropriate to address the question of whether Chapter 475 is unconstitutional. *See ACLU v. Darnell*, 195 S.W.3d at 622, 625. "[W]e avoid deciding constitutional issues

when a case can be resolved on non-constitutional grounds." ***Furlong v. Furlong***, 370 S.W.3d 329, 336 (Tenn. Ct. App. 2011)(internal quotation marks omitted).

V.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellants, Dennis R. Massengale, Karen Massengale, Carnell Storie, Marion-Bradley Fireworks Retailers, and Wet Willy's Fireworks Supermarkets of Tennessee, Inc. This case is remanded, pursuant to applicable law, for collection of costs assessed by the trial court.

_____
CHARLES D. SUSANO, JR., JUDGE