IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 16, 2016 Session

## MARK W. LOVETT v. FRANK LYNCH, ET AL.

**Appeal from the Chancery Court for Franklin County**
**No. 19990     Larry B. Stanley, Jr., Judge**

_____

**No. M2016-00680-COA-R3-CV**

_____

Appellant, the first, but not the highest nor successful bidder on a piece of real property in a delinquent tax property sale, filed a quo warranto action alleging that the tax sale was conducted illegally. The trial court dismissed appellant's suit for lack of standing because the property at issue had been redeemed by an individual with a mortgage on the property.  Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and BRANDON O. GIBSON, JJ., joined.

Mark W. Lovett, Sewanee, Tennessee, Pro Se.

David J. Ward and Alix C. Michel, Chattanooga, Tennessee, for the appellee, Frank Lynch, Randy Kelly, and Ben Lynch.

## OPINION

### BACKGROUND

On May 20, 2015, Plaintiff/Appellant Mark W. Lovett ("Appellant") participated in a delinquent tax property sale ("tax sale") in Franklin County of the property located at 801 Lynchburg Road in Winchester, Tennessee.  Appellant had made the first bid on the property, but it was later sold to a higher bidder.  The next day, after allegedly learning that the winning bidder was the wife of Frank Lynch, the Franklin County Tax Collection Attorney, Appellant allegedly sent a letter to Chancellor Jeffrey F. Stewart to protest the sale.  Chancellor Stewart responded to Appellant through the Clerk and Master, informing Appellant that he did not comment on matters not before the bench.  Appellant subsequently sent letters to several public officials, including the Attorney General for

the State of Tennessee and the Comptroller of the Treasury, seeking an investigation of the May 20, 2015 tax sale. However, these persons either sent no response or declined Appellant's request.

On July 17, 2015, Appellant filed a pleading, which consisted of a petition for a writ in the nature of quo warranto and a complaint,[1] in the Franklin County Chancery Court against the Defendants/Appellees Frank Lynch, as Franklin County Tax Collection Attorney; Randy Kelly, as Franklin County Trustee; and Ben Lynch, as Franklin County Attorney, related to alleged impropriety of the tax sale.[2] Therein, Appellant alleged that the auction was improperly conducted in violation of various statutory provisions because the winning bidder was the wife of Frank Lynch. Appellant also alleged other discrepancies that rendered the sale unlawful. Appellant sought, *inter alia*, the issuance of a writ in the nature of quo warranto and the appointment of an attorney pro tempore "to represent the interests of the Public."[3]

Appellees filed separate motions to dismiss on August 3, 2015, August 11, 2015, and August 13, 2015. In the meantime, Appellant filed a motion for summary judgment on August 26, 2015. Appellees' motions to dismiss were later amended. The amended motions to dismiss argued that Appellant's claim was moot because it was undisputed that the property at issue had been redeemed. Appellees contended that any claim regarding the impropriety of the tax sale was moot and that Appellant therefore had no standing to maintain his cause of action. Appellant thereafter admitted that the property had indeed been redeemed by a party having an interest in the property.[4] The trial court granted the amended motions to dismiss at the November 13, 2015 hearing, and the order reflecting that ruling was entered on or about December 8, 2015. Therein, the trial court

---

[1] The pleading also contained a motion to appoint an attorney pro tempore to represent the State of Tennessee and a motion for a temporary restraining order to stay all non-judicial proceedings flowing from the May 20, 2015 tax sale.

[2] The original trial judge assigned the case, Jeffrey F. Stewart, entered an order of recusal on July 31, 2015. Ultimately, on August 20, 2015, an order was entered recusing Circuit Judges Thomas W. Graham, J. Curtis Smith, and Justin C. Angel from the matter. On September 2, 2015, the Tennessee Supreme Court entered an order appointing Larry B. Stanley, Jr. to preside over the case.

[3] Appellant also sought the trial court to declare the tax sale "null and void," award him "Private Attorney General Fees" to "compensate for [Appellant's] loss of time in investigating," award him "compensatory damages in the amount of $25,000.00 to compensate [him] for lost time[] and lost opportunity in the development of the [property]," and award him punitive damages in the amount of $1,250,000.00 for the "impairment" of his constitutional rights.

[4] According to Appellant's response to Frank Lynch's motion to dismiss, filed on August 17, 2015: "The Official record will show that Mr. Bob Cortner redeemed a financial interest in 801 Lynchburg Rd. Winchester property that was sold May 20, 2015 at PUBLIC AUCTION that had a Deed of Trust properly executed and recorded id[en]tif[y]ng the rightful owner of the Property."

ruled that Appellant lacked standing to pursue his claim because he was not the successful bidder on the property at issue and the property had later been redeemed. As such, the trial court ruled that Appellant lacked "a special interest or injury that is not shared with other citizens" because he never had a valid legal interest in the property, and the redemption left "nothing capable of being redressed by a favorable decision of the court." Consequently, the trial court dismissed Appellant's petition/complaint with prejudice. On November 30, 2015, Appellant filed a motion for relief from the trial court's order.[5] At the February 12, 2016 hearing on the motion, Appellant submitted testimony from the individual who owned a mortgage on the property prior to the tax seizure and who ultimately redeemed the property. Specifically, Bob Cortner testified that at the time of the delinquent tax property sale, he was the holder of the mortgage on the subject property. Although he testified that he had notice by publication of the delinquent tax sale, he did not attend the auction because he was "busy." Following the auction, he testified that he redeemed the property by paying the delinquent taxes. Thereafter, the mortgagor agreed to surrender the property to Mr. Cortner, and he testified that he now owns the property "free and clear." The trial court denied the motion for relief by order of March 7, 2016, and upheld its previous ruling, concluding that Appellant was "not entitled to a trial" because of his failure to establish standing. Appellant timely appealed.

## ISSUES PRESENTED

Appellant presents sixteen issues before this Court, which are taken largely verbatim from his appellate brief:

> 1. Whether the Franklin County Chancery Court erred in holding that it has Constitutional authority [1][11] to determine who is, or who is not, entitled to a trial, as evidenced in it[s] Order of March 3, 2016: "*It was found the Relator/Plaintiff did not have [']standing['] therefore he is not entitled to a trial*[."]
>
> 2. Whether the Franklin County Chancery Court erred in making a judicial conclusion regarding Plaintiffs "standing" without any evidence the

---

[5] Under Rule 59.04 of the Tennessee Rules of Civil Procedure, "[a] motion to alter or amend a judgment shall be filed and served within thirty (30) days after the entry of the judgment." However, we have previously interpreted this rule to mean that a motion under Rule 59.04 may be filed prior to the entry of a final judgment. **Hawkins v. Hawkins**, 883 S.W.2d 622, 625 (Tenn. Ct. App. 1994) (quoting **Smith v. Hudson**, 600 F.2d 60, 62 (6th Cir. 1979)) (comparing Rule 59.04 to the analogous Rule 59(e) under the Federal Rules of Civil Procedure and noting that the trial court may "entertain a motion to alter or amend a judgment under Rule 59(e) even though it was filed prior to the actual entry of judgment"); *cf.* **Grundy Cnty. v. Dyer**, 546 S.W.2d 577, 579 (Tenn. 1977) ("It would be manifestly unjust, absent prejudice to the complaining party, to . . . penalize a lawyer and his client for promptness.").

Law was [2] upheld or applied to the material facts, or circumstances cited in THE COMPLAINT.

3.      Whether the Franklin County Chancery Court erred in failing to address the attenuation between the alleged illegal conduct of the defendants, and the claims of violations of the Plaintiffs U.S. And Tennessee Constitutional rights [3].

4.      Whether the Franklin County Chancery Court erred in concluding a lack of "standing" of the Plaintiff, in spite of the record that showed Defendant Frank Lynch, Franklin County Tax Collection Attorney did allow his wife to bid against the Plaintiff to win the rights in a property while he was being ***paid by the Court*** for "Official Duties" [4] officiating at the Court Ordered Public Delinquent Tax Auction of May 20, 2015.

5.      Whether the Franklin County Chancery Court erred in failing to try the trier of facts evidenced in the record, (that substantiated violations of Law), that were not denied by any of the Defendants under Rule 8.04 [5].

6.      Whether the Franklin County Chancery Court erred in failing to address the effect of Involuntary Dismissal of the case (pre trial) [6] had on the Plaintiffs responsibility to meet his burden of proof, [7][[30] *State ex rel[. ]De Selm v. Owings*, 310 S. W 3D 353[ ](Tenn. Ct. App. 2009) by "a preponderance of the evidence" to prove "injury in fact"[8], (without any question of record from the bench; have you concluded your *case-in-chief*[6]), and before [all] the witnesses could be called to testify upon duly executed Subpoenas issued by the Clerk of the Chancery Court [14].

7.      Whether the Franklin County Chancery Court erred by failing to address at it[s] earliest opportunity what was the undefined and undeclared [ "]Conflict of Interest" found by Jeffery F. Stewart [12][141, Chancellor of the Franklin County Chancery Court in "the file[,"] (with only THE COMPLAINT and record of the Auction contained therein at that time of his recusal), prior to the Honorable Larry Bart Stanley Jr. assuming his appointment to preside that could have assured all, what ever the "conflict of interest" was, did not persist after the recusals of other Justices.

8.      Whether the Franklin County Chancery Court erred by proceeding under Honorable Larry Bart Stanley Jr. by allowing the Franklin County Chancery Court's Clerk and Master, Ms. Brenda Clark, (a Subpoenaed material witness) to appear on the bench in Court at the 2nd. MOTION HEARING in this case.

9.      Whether the Franklin County Chancery Court erred by failing to *try the facts raised* that are evidenced in the exhibits, and pleadings that delineate in detail the possible violation of Law as cited in , "Private Acts of 1980, Chapter 268" of Franklin County[9] that does not permit a County Official to be represented by anyone save the County Attorney except at their own expense, and the appearance by Attorney Alix C. Mich[]el who under direct questioning from the bench responded " I represent them as

Employee's[,"] leaving the question open: Were the Defendants Legal Pleadings Fraudulently placed before the bench in violation of the Law[2]?

10.     Whether the Franklin County Chancery Court erred by failing to *examine the facts* contained in the exhibits filed with the Court; wherein the letter from Franklin County Clerk, Philip Custer custodian of the Franklin County Board of Commissioners shows no appointment by the Franklin County Board of Commissioners, (current day Quarterly Court), after May 20, 2015 of Attorney Mr[.] Alix C. Mich[]el to represent Frank Lynch, or Ben Lynch, (both Private Practice Attorneys), or any appointment by the board for Attorney Alix C. Mich[]el to represent interest of the citizens of Franklin County in their "officials offices" as Franklin County Attorney, or Franklin County Tax Collection Attorney, or Franklin County Trustee.

11.     Whether the Franklin County Chancery Court erred in failing to examine the difference between the Plaintiff admitting Mr. Cortner has a lawful interest in the property, (transcript 2nd. MOTION HEARING), as a mortgage holder, and [not] admitting to the lawfulness of the redemption of 801 Lynchburg Rd. Winchester in light of Mr. Courtner's testimony that revealed he did not pay all of the back taxes costs, penalties, and interest owed on the property, but did pay a little more than what was owed for 2007–2008.

12.     Whether the Franklin County Chancery Court erred by failing to give any written acknowledgment in it[s] judicial conclusion of the Plaintiff's "standing" to the fact *the Defendants specifically admitted the following by their failure to deny with specificity the following:*[12]

Taken from the text of THE COMPLAINT]on Page 8.

"That the Auction for Delinquent Tax Properties was held in violation of Tennessee Code Annotated, Section 67-5-2507(b). in that the properties offered for sale were auctioned off for the amount of the delinquent taxes for years 2007 and 2008 and not offered for sale for the, [total un-disclosed cost] of tax indebtedness, penalties and interest owed to date as of May 20, 2015."

Taken from text of THE COMPLAINT]on Page 9.

"That Mark W. Lovett's rights described in: The 5th and 14th Amendment of the United States Constitution guaranteeing a citizen [']Equal Protection of[,'] and the 'Due Process of the Law[.'"] [17]

Taken from text of THE COMPLAINT]on Page 9. Continued:

["]The Tennessee State Constitution Article 1, Section 8, part 10, and of provisions within U.S. Code > Title 42 > Chapter 21> Sub chapter I > § 1981, ("to make and enforce contracts, amongst others"), were violated." d.) That Official Misconduct by Defendants acts, made a lawful contract to purchase property from the Chancery Court of Franklin County by the Plaintiff, Mark W. Lovett at a Public Auction impossible [17]. e.) That Official Misconduct by Defendants acts, under the color of Law, fraudulently represented that "all legal requirements have been meet" for the sale [17].

13.    Whether the Franklin County Chancery Court erred in applying "ACLU v. Darnell" and "Watson v. Waters" both cases tired at Trial, and then became " *appellate cases* " to this case <u>pre Trial by</u> entering an involuntary dismissal of the case [11][6][31].
14.    Whether the Franklin County Chancery Court erred by failing to ask the Plaintiff is he had closed his proof-in-chief [6] ?
15.    Whether the Franklin County Chancery Court erred in not allowing duly subpoenaed witnesses to be called whose testimony was material to discovery and conformation of the "injury in fact" to the Plaintiffs Constitutionally protected Rights [14][12].
16.    Whether the Franklin County Chancery Court erred in failing to examine the allegation that," the May 20, 2015 Public Auction was conducted by someone other than a Tennessee State Licensed Auctioneer, and the effect that has on the legality of the proceedings or on the enforceability of any purchases made that day [31][17].

In the posture of appellee, Appellees assert that this appeal involves only a single dispositive issue: Whether trial court correctly invoked the standing doctrine and applied it to bar Appellant's claims in this case.

## DISCUSSION

As an initial matter, we note that Appellant appears before this Court pro se, as he did in the trial court. It is well-settled that pro se litigants must comply with the same standards to which lawyers must adhere. ***Watson v. City of Jackson***, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As explained by this Court:

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system.  However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the

- 6 -

same substantive and procedural rules that represented parties are expected to observe.

*Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at \*3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). We will, therefore, keep Appellant's pro se status in mind as we proceed to discuss the merits of his appeal.

The trial court dismissed Appellant's suit on a motion to dismiss on the basis of standing. "Lack of standing may be raised as a defense in a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss." *Dubis v. Loyd*, No. W2015-02192-COA-R3-CV, 2016 WL 4371786, at \*3 (Tenn. Ct. App. Aug. 15, 2016) (quoting *In re Ava B.*, No. M2014-02408-COA-R10-PT, 2016 WL 1730661, at \*2 (Tenn. Ct. App. Apr. 27, 2016), *perm. app. denied* (July 1, 2016)). "The purpose of a . . . motion to dismiss is to test the legal sufficiency of the complaint, not the strength of the complainant's proof." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). The pleadings alone determine whether a 12.02(6) motion to dismiss should be granted. *Id.* "We must liberally construe the pleadings, presuming all factual allegations are true and drawing all reasonable inferences in favor of the complainant." *Id.* at 426. A complaint "need not contain detailed allegations of all the facts giving rise to the claim," but it "must contain sufficient factual allegations to articulate a claim for relief." *Id.* at 427 (citation omitted).

Here, Appellant filed his complaint in the nature of a quo warranto action. Tennessee law is well-settled on this issue: "The rule is essentially that a private citizen, as such, cannot maintain an action complaining of wrongful acts of public officials unless such private citizen avers [a] special interest or a special injury not common to the public generally." *State ex rel. Inman v. Brock*, 622 S.W.2d 36, 44 (Tenn. 1981) (citing *Bennett v. Stutts*, 521 S.W.2d 575 (Tenn.1975); *Walldorf v. City of Chattanooga*, 192 Tenn. 86, 237 S.W.2d 939 (1951): *Patton v. Mayor, Etc., City of Chattanooga*, 108 Tenn. 197, 65 S.W. 414 (1901)). In this regard, "[i]t is fundamental that plaintiff as a private citizen must show that he is a[d]versely affected in some manner that is not common to all citizens to invoke the jurisdiction of this court." *Wooten v. Macon Cty.*, No. 87-287-II, 1988 WL 9821, at \*5 (Tenn. Ct. App. Feb. 12, 1988) (citing *Ray v. Weaver*, 586 S.W.2d 828, 830 (Tenn. 1979)). "In the absence of standing, [Appellant] cannot proceed with this action." *State ex rel. DeSelm v. Owings*, 310 S.W.3d 353, 359 (Tenn. Ct. App. 2009) (discussing the role of the Attorney General in quo warranto actions, an issue not raised in this case).

The issue of a party's standing to maintain an action is a question of law. *Whalum v. Shelby Cnty. Election Comm'n*, No. W2013-02076-COA-R3-CV, 2014 WL 4919601, at \*6–7 (Tenn. Ct. App. Sept. 30, 2014) (citing *Massengale v. City of E. Ridge*, 399 S.W.3d 118, 123 (Tenn. Ct. App. 2012)). As such, "our review is de novo upon the

record with no presumption of correctness accompanying the trial court's conclusions of law." *Id.* at 123–24. According to the Tennessee Supreme Court:

> Courts employ the doctrine of standing to determine whether a particular litigant is entitled to have a court decide the merits of a dispute or of particular issues. *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975); *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976) (holding that courts use the standing doctrine to decide whether a particular plaintiff is "properly situated to prosecute the action[]"); *City of Brentwood v. Metro[.] Bd. of Zoning Appeals, et al.*, 149 S.W.3d 49, 55 (Tenn. Ct. App. 2004), *perm. app. denied* (Tenn. Sept. 13, 2004). Grounded upon "concern about the proper—and properly limited—role of the courts in a democratic society," *Warth*, 422 U.S. at 498, the doctrine of standing precludes courts from adjudicating "an action at the instance of one whose rights have not been invaded or infringed." *Mayhew v. Wilder*, 46 S.W.3d 760, 767 (Tenn. Ct. App. 2001), *perm. app. denied* (Tenn. Apr[.] 30, 2001).

*Am. Civ. Liberties Union of Tenn. v. Darnell*, 195 S.W.3d 612, 619–20 (Tenn. 2006). To establish the requisite standing, a plaintiff must therefore show: (1) "a distinct and palpable injury," (2) "a causal connection between the claimed injury and the challenged conduct," and (3) "that the alleged injury is capable of being redressed by a favorable decision of the court." *Id.* at 620.

> As this Court explained:

> The primary focus of a standing inquiry is on the party, not on the merits of the party's claim. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 484, 102 S. Ct. 752, 765, 70 L. Ed. 2d 700 (1982); *Petty v. Daimler/Chrysler Corp.*, 91 S.W.3d 765, 767 (Tenn. Ct. App. 2002). Thus, a party's standing does not depend on the likelihood of success of its claim on the merits. *Mayhew v. Wilder*, 46 S.W.3d 760, 767 (Tenn. Ct. App. 2001); *Metro[.] Air Research Testing Auth., Inc. v. Metro[.] Gov't*, 842 S.W.2d at 615. However, because a party's standing may hinge on the nature of its claims, a standing inquiry requires a "careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Allen v. Wright*, 468 U.S. 737, 752, 104 S. Ct. 3315, 3325, 82 L. Ed. 2d 556 (1984).

> The sort of distinct and palpable injury that will create standing must be an injury to a recognized legal right or interest. In many cases, this right or interest may be created or defined by statute. Thus, in cases where a party is seeking to vindicate a statutory right of interest, the doctrine of standing

requires the party to demonstrate that its claim falls within the zone of interests protected or regulated by the statute in question. *Federal Election Comm'n v. Akins*, 524 U.S. 11, 20, 118 S. Ct. 1777, 1783–84, 141 L. Ed. 2d 10 (1998); *Chattanooga Ry. & Light Co. v. Bettis*, 139 Tenn. 332, 337, 202 S.W. 70, 71 (1918); *Jefferson C[nty.] v. City of Morristown*, No. 03A01-9810-CH-00331, 1999 WL 817519, at *6 (Tenn. Ct. App. Oct.13, 1999) (No Tenn. R. App. P. 11 application filed).

*Wood v. Metro. Nashville & Davidson Cnty. Gov't*, 196 S.W.3d 152, 158 (Tenn. Ct. App. 2005). The standing issue in this case also implicates the related doctrine of mootness:

> The issues of standing and mootness are related concepts to be used in analyzing the basic question of whether an adversary contest before the court is such that the court, in rendering a decision, will not be giving a merely advisory opinion. "Standing" focuses on parties and requires that each party possess an interest in the outcome of litigation, while "mootness" applies more to issues involved and, as a general rule, requires that opinions not be given concerning issues which are no longer in existence because of changes in factual circumstances.
>
> "Standing" to sue means that an individual has a sufficient personal stake in the controversy to obtain judicial resolution, while "mootness" is the doctrine of standing set in a time frame: the requisite personal interest, or standing, that existed at the commencement of the litigation must continue throughout its existence in order for the litigation not to become moot. A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. Consequently, a party must have continued standing throughout the pendency of an action to avoid invocation of the mootness doctrine.

*Whalum v. Shelby Cnty. Election Comm'n*, No. W2013-02076-COA-R3-CV, 2014 WL 4919601, at *6–7 (Tenn. Ct. App. Sept. 30, 2014) (quoting 1A C.J.S. *Actions* § 76 (2014)).

First, Appellant has failed to show that he sustained "a distinct and palpable injury" as required to show standing. *Darnell*, 195 S.W.3d at 620; *see also State ex rel. Inman v. Brock*, 622 S.W.2d 36, 44 (Tenn. 1981) (citing *Patton v. Mayor, Etc., City of Chattanooga*, 65 S.W. 414 (Tenn. 1901); *Walldorf v. City of Chattanooga*, 237 S.W.2d 939 (Tenn. 1951); *Bennett v. Stutts*, 521 S.W.2d 575 (Tenn. 1975)) ("[A] private citizen . . . cannot maintain an action complaining of wrongful acts of public officials unless such private citizen avers special interest or a special injury not common to the public generally."). It is undisputed that Appellant never acquired any legal right or interest in

the property. Indeed, Appellant at all times admits that that he "did not prevail in winning the rights to [the] property . . . that he was seeking to acquire." Furthermore, there is no dispute that the property in question was later redeemed by another individual holding an interest in the property. *See* Tenn. Code Ann. § 67-5-2701(a)(1) ("Upon entry of an order confirming a sale of a parcel, a right to redeem shall vest in all interested persons."). Accordingly, even if Appellant had been the high bidder at the tax sale, he would nevertheless not be entitled to the property. Despite Appellant's contention otherwise, he may not sue just to vindicate "the interests of the Public" absent a specific personal injury. Appellant's failure to win a property at auction, where even the winning bidder is no longer entitled to the property by operation of Tennessee redemption laws, does not constitute the type of injury which would confer him standing in this case.

Moreover, the third element of standing is also lacking: that a favorable verdict would remedy the specific injury. *See **Darnell***, 195 S.W.3d at 620. As previously discussed, there is no dispute that a person with an interest in the property redeemed the property. Accordingly, even if the quo warranto action resulted in a finding that the tax sale was conducted improperly and, therefore, void, a declaration that the tax sale is void, alone, would still not entitle Appellant to the property at issue.

Consequently, the undisputed facts, taken from the pleadings and admissions of the parties, establish that: (1) Appellant had no interest in the subject property prior to the delinquent tax sale; (2) Appellant acquired no interest in the subject property by virtue of the delinquent tax sale because he was not the high bidder on the property; and (3) even if Appellant had been entitled to the property by virtue of the delinquent tax sale, he can no longer have any interest in the property because it has been redeemed by an interested party. Clearly, these facts show that Appellant does not now nor did he ever have an interest in the subject property or suffer any injury as a result of the deprivation of his alleged right to the property that would confer him standing in this case. Accordingly, we hold that the trial court did not err in dismissing Appellant's suit based on his lack of standing.

On appeal, although Appellant further challenges the constitutionality of the standing doctrine, this issue was not raised in the trial court. Tennessee law is clear that "arguments not first raised in the trial court are waived on appeal." ***State v. Willis***, 496 S.W.3d 653, 707 (Tenn. 2016) (citing Tenn. R. App. P. 36(a); ***State v. Hayes***, 337 S.W.3d 235, 256 (Tenn. Crim. App. 2010)); *see also **Lawrence v. Stanford***, 655 S.W.2d 927, 929 (Tenn.1983) ("It has long been the general rule that questions not raised in the trial court will not be entertained on appeal and this rule applies to an attempt to make a constitutional attack upon the validity of a statute for the first time on appeal unless the statute involved is so obviously unconstitutional on its face as to obviate the necessity for any discussion."). Consequently, we will not entertain this issue on appeal and will not now "conclude that the requirement of standing that has been in place for decades if not centuries and has been repeatedly reaffirmed by our Supreme Court is obviously

unconstitutional." ***Watson v. Waters***, 375 S.W.3d 282, 290 (Tenn. Ct. App. 2012). Based on our holding that Appellant has no standing to pursue the underlying claims in this cause, all other issues are pretermitted.

### CONCLUSION

The judgment of the Franklin County Chancery Court is affirmed. Costs of this appeal are taxed to Appellant, Mark W. Lovett, for all of which execution may issue if necessary.

_____

J. STEVEN STAFFORD, JUDGE